1  Lewis Phon, Bar Number 74907
   Law Offices of Lewis Phon
2  4040 Heaton Court
   Antioch, CA 94509
3
   (415) 574-5029 tel
4  (925) 706-7600 fax

5  Attorney for the Debtors
   Keith Britto and Yvonne Britto

6

7

8

9                    UNITED STATES BANKRUPTCY COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
   In re:                              CASE NO: 17-42304
12

13
   Keith Britto and Yvonne Britto,   CHAPTER 11
14
            DEBTORS,
15                                      **MOTION TO VALUE LIEN
                                        AND COLLATERAL OF BANK OF
16  _____/         NEW YORK MELLON/SHELLPOINT
                                        MORTGAGE SERVICING**
17
                                          **NO HEARING SET**
18
19  **To:** Bank of New York Mellon, Shellpoint Mortgage Servicing, the U. S.
    Trustee and all parties of interest:

20   PLEASE TAKE NOTICE that the Debtors, Keith Britto and Yvonne Britto,

21  hereby move the above entitled court located at 1300 Clay Street,

22  Courtroom 201, Oakland, California 94612 before the Honorable Roger

23  L. Efremsky for an order valuing the lien and collateral of Bank of

24  New York Mellon/Shellpoint Mortgage Servicing,  (hereinafter referred

25  to as "Shellpoint") against the property commonly known as 2699 St.

26  Helena Court, Livermore, California 94550.

                                        1

Debtors also request that the amount of Shellpoint's secured claim not exceed the value of the collateral, less the claims of creditors holding senior liens or security interests. This determination shall supersede any greater claim demanded in a proof of claim. Any objections to the Creditor's claim are reserved.

Debtors hereby move to value the collateral at $1,050,000, limit Bank of New York Mellon/Shellpoint's secured claim to $1,050,000, and that any amount in excess be treated as a general unsecured claim, pursuant to 11 U.S.C. §§ 506 and 1322 (b)(2), FRBP 3012 and 9014, and B.L.R. 9014-1, which determination shall become part of Debtors' confirmed Chapter 11 Plan.

This motion is also made pursuant to 28 U.S.C. §1334 (a), (b) and (e), 28 U.S.C. § 157 (a) and (b) and 28 U.S.C. §151. This is a core proceeding pursuant to 28 U.S.C. § 157. The debtors request that the court take judicial notice of all prior documents and exhibits filed in this case.

This motion will also be based on the Declaration of Keith Britto, the accompanying points and authorities and on such oral or documentary evidence that may be presented at a hearing.

## NOTICE TO ALL PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that B.L.R. 9014-1 of the United States Bankruptcy Court for the Northern District of California, prescribes the procedures to be followed and that any objection to the requested relief, or a request for a hearing on the matter, in either case, grounded only on any material inaccuracy in the above certification, must be filed and served upon the initiating party within 21 days of mailing of the notice. A request for a hearing must be accompanied by any declarations or memorandum of law the requesting party wishes to present in support of its position. If there is no timely objection to the requested relief or a request for a hearing, the Court may enter an order granting the relief by default; and the initiating party will give at least 10 days written notice of the hearing to the

objecting or requesting party, and to any trustee, in the event an objection or request for hearing is timely made.

**THE COURT MAY DETERMINE THE VALUE OF COLLATERAL OF A SECURED CREDITOR AND, THEREFORE, THE VALUE OF THE SECURED LIENS AGAINST THE PROPERTY PURSUANT TO 11 U.S.C. §506A.**

11 U. S. C. §506a allows the court to reduce the claim of a secured creditor on its collateral to the value of the collateral. See Re Hoagland, 886 F.2d 1182 (9th Cir. Or.1989).

Because the market value of the collateral is no more than $1,050,000, the underlying first loan by Bank of New York Mellon/Shellpoint Mortgage Servicing is valued at $1,050,000.

**AN OWNER OF PROPERTY MAY PROVIDE AN OPINION OF ITS VALUE**

The debtors herein may provide an opinion of value of the collateral of the lien holder since they own the property. See So. Central Livestock Dealers, Inc., v. Security State Bank 614 F.2d 1056 (5th Cir. 1980). Fed.R.Evid. §701. Such an opinion is admissible as evidence of value and may be provided in a declaration. The debtors herein have provided such an opinion in the attached declaration of Keith Britto.

## NOTICE TO ALL PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that B.L.R. 9014-1 of the United States Bankruptcy Court for the Northern District of California, prescribes the procedures to be followed and that any objection to the requested relief, or a request for a hearing on the matter, in either case, grounded only on any material inaccuracy in the above certification, must be filed and served upon the initiating party within 21 days of mailing of the notice. A request for a hearing must be accompanied by any declarations or memorandum of law the requesting party wishes to present in support of its position. If there is no timely objection to the requested relief or a request for a hearing, the Court may enter an order granting the relief by default; and the initiating party will give at least 10 days written notice of the hearing to the

objecting or requesting party, and to any trustee, in the event an
objection or request for hearing is timely made.

Dated:     1/23/18         /S/ Lewis Phon

_____       _____

Lewis Phon, Attorney for Debtors

Keith Britto and Yvonne Britto

Case: 17-42304   Doc# 33   Filed: 01/23/18   Entered: 01/23/18 23:38:32   Page 4 of 4